IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
(BANGOR DIVISION)



2024 JAN 22  A 8:43

DEPUTY CLERK

DIANNE V PEASLEE

-against-

DARRLY BROWN SR

DARRYL BROWN JR

BROWN'S EXIT 27 SALVAGE

**Complaint for a Civil Case**

Civil No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial:   ☐ Yes   X No
*(check one)*

I   **The Parties to This Complaint**

  A   **The Plaintiff**

  | | |
  |---|---|
  | Name | Dianne V Peaslee |
  | Street Address | 105 Togus Road |
  | City and County | Chelsea, Kennebec |
  | State and Zip Code | Maine 04330 |
  | Telephone | (207) 707-2753 |
  | Email | abiddl94@yahoo.com |

**B**     **The Defendants**

Defendant Number 1
- Name: Darryl Brown SR
- Street Address: 761 Hallowell-Litchfield Road
- City and County: West Gardiner, Kennebec
- State and Zip Code: Maine 04234
- Telephone: (207) 724-7355
- Email: unknown

Defendant Number 2
- Name: Darryl Brown JR
- Street Address: 270 Central Street
- City and County: Hallowell, Kennebec
- State and Zip Code: Maine 04347
- Telephone: (207) 441-3321
- Email: junkyardbub@aol.com

Defendant Number 3
- Name: Brown's Exit 27 Salvage
- Street Address: 971 Brunswick Avenue
- City and County: West Gardiner, Kennebec
- State and Zip Code: Maine 04345
- Telephone: (207) 582-7002
- Email: unknown

*PLAINTIFF has named Brown's Exit 27 Salvage as Defendant because in text messages Defendant 2 has stated "we" file specific forms when "we" file taxes. PLAINTIFF believes the DEFENDANTS may file income jointly under this business.*

**II.   Basis for Jurisdiction**

X   Federal question      ☐ Diversity of citizenship

**A.   The Basis for Jurisdiction Is of Federal Question arising from violation/s of**

**28 U.S.C. §1331**
The court had jurisdiction as there are Federal questions arising under Constitution, laws or treaties of the United States
1) **15 U.S.C.§ 1702**, HUD Full Disclosure and **Maine Statute Title 33, § 173**, Required Disclosures,
2) **26 CFR 1.6050 H-2** Reporting Mortgage Interest,
3) **18 U.S.C 1341** Frauds and Swindles and **Maine Statute Title 17-a § 354 Theft by Deception**

**AND**

**28 U.S.C. §1332 (a)** The court has jurisdiction over this case because there is more than $75,000 exclusive of Interest and costs is at stake

  **B. Diversity of Citizenship DOES NOT APPLY**

DIANNE V PEASLEE also files and seeks damages on behalf of UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT for levy of fines, penalties and interest associated with such violation/s as well as UNITED STATES DEPARTMENT OF TREASURY aka INTERNAL REVENUE SERVICE for levy of fines, penalties and interest associated with such violations, unless it is proven that DEFENDANTS 1&2 did not violate FULL DISCLOSURE OR IRS FORM 1098 LAWS
 Plaintiff's claim is as follows:

**III. Statement of Claim**

   1) Addressing **15 U.S.C.§ 1702**, HUD Full Disclosure and **Maine Statute Title 33, § 173**, Required Disclosures

BOTH U.S. Code and Maine Statutes require FULL DISCLOSURE of ALL demolition, repairs, known defects etc

MAINE State **Maine Statute Title 33, § 173** states that specifically the seller must disclose 1-Water supply system, 2-Insulation, 2-A-Heating system or heat source, 3-Waste disposal system, 4-Hazardous materials, 5-Known defects and Access to property. More specifically 5-Known Defects states "Any known defects"

To date the only list of information the DEFENDANTS have given to PLAINTIFF is those which the DEFENDANTS had a "Building Permit" from the Town of Chelsea to complete.

Comparing the Keenan Auction packet photos to the DEFENDANTS Craigslist photos, the PLAINTIFF believes the DEFENDANTS completed many more repairs than they admitted to

   2) Addressing **26 CFR 1.6050 H-2** Reporting Mortgage Interest

On 28 January 2019 PLAINTIFF sent an email to BONNIE CASPERSON at ACADEMY TITLE, the title company the DEFENDANTS hired to complete title paperwork for transfer of Deed.

PLAINTIFF needed to obtain either the DEFENDANTS Social Security Numbers or Federal ID numbers or an IRS FORM 1098.

PLAINTIFF needed this information in order to file a tax return

PLAINTIFF'S Credit Union needed a copy to show proof of Mortgage payments which included

interest.

PLAINTIFF's Credit Union stated this form should be given to any individual in any year which they pay $600 or more in interest.

Between September 2018 and December 2018, PLAINTIFF had paid 4 $600 Mortgage payments totaling $2400 which included $1158.94 in interest, approximately double the minimum to require this form be submitted.

BONNIE said ACADEMY TITLE doesn't release this information to an opposing party.

PLAINTIFF then called DEFENDANT 1 at his place of business, Brown's Exit 27 Salvage, and left a message on his voicemail that either this form or the numbers are needed.

TO DATE neither the IRS FORM 1098 or any numbers have been given to PLAINTIFF to file with an annual Tax Return.

> 3) Addressing **18 U.S.C 1341-Frauds and Swindles** and **Maine Title17-a § 354 Theft by Deception**

PLAINTIFF claims that DEFENDANT 1 and DEFENDANT 2 did purposefully and maliciously present false and misleading statements in regards to a piece of real estate, repairs they made to a home included in that real estate, defects they covered up within that home, for the purpose of deceiving and enticing an individual to purchase said real estate.

> PLAINTIFF purchased a property, located at 105 Togus Road Chelsea ME, from DEFENDANTS 1 & 2.
>
> PLAINTIFF had text and verbal conversations with DEFENDANT 2 prior to purchase of said property. *Text conversations between Plaintiff and Defendant 2 are attached*
>
>> a) In one verbal conversation Defendant 2 had directed plaintiff to a Craigslist advertisement of the property.  *This advertisement is attached*
>
> PLAINTIFF had verbal conversations with DEFENDANT 1 prior to purchase of said property.
>
> PLAINTIFF believed and acted upon the statements made, by DEFENDANTS 1 & 2, to be truthful while considering purchasing said property.

On or around 23 November 2020, PLAINTIFF discovered that DEFENDANT 1 and DEFENDANT 2 had

   a) grossly understated the amount of repairs they had completed to the home the PLAINTIFF purchased from them

   b) purchased the property at a Real Estate Foreclosure Auction. Photos for that auction show much more damage to the property than what DEFENDANT 1 & DEFENDANT 2 claim were repaired *Auction packet is attached*

PLAINTIFF's reliance of statements made by DEFENDANTS 1 & 2 caused PLAINTIFF to remove $15,000 from a Federal Employee Retirement Savings (FERS) Account, on 31 August 2018, to serve as a down payment on said property.

PLAINTIFF's FERS account had historically and the remaining balance continues to gain an average of around 12% interest compounded annually.

PLAINTIFF is no longer a federal employee so is not able to contribute funds into the FERS account causing a loss of interest, resulting from the $15,000 withdrawal, for the time covering August 2018-November 2038

This purposeful fraudulent deception has caused PLAINTIFF to suffer a projected loss of $144,694 in principle and interest. *20 year interest projection per Nerd Wallet attached*

IV. **Relief**

1) PLAINTIFF seeks relief in the form of release of the Deed for the property located at 105 Togus Road in Chelsea Maine, or the return of $31,800. This amount is based on the initial Down Payment of $15,000 plus 28 $600 Mortgage payments made to the DEFENDANTS from September 2018-January 2021.

2) PLAINTIFF claims an actual loss of $129,694. This amount reflects the loss of interest which would have accumulated on the $15,000 removed from FERS account, which was used as down payment on the property. The total loss on this is $144,694 but PLAINTIFF has already removed the $15,000 in #1 above. This interest is based on the historic average of 12% interest from August 2018 until retirement age of 67 in November 2038. This is a permanent damage suffered by PLAINTIFF as deposits are no longer able to be added to this account. Had the DEFENDANTS not so willfully presented such fraudulent information surrounding the property, the PLAINTIFF would not have removed this money from the FERS account in order to purchase the property.

3) PLAINTIFF claims punitive/exemplary damages in the amount of $500,000 from each DEFENDANT, totaling $1,000,000.  This is based on the severe emotional, mental and psychological stress inflicted upon the PLAINTIFF through DEFENDANT 1 and DEFENDANT 2's willful and fraudulent misrepresentation of the condition of the property, their continued refusal to give promised paperwork regarding the property, their continued refusal to address their shoddy repairs to the property, and general lack of any moral standard surrounding the sale of this property.

V. **Closing**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 22 Jan, 2024

Signature of Plaintiff  _D. Peaslee_

Printed Name of Plaintiff  _Dianne Peaslee_