UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DIANNE V. PEASLEE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 1:24-cv-00011-JAW |
| | ) |
| DARRYL BROWN, SR., | ) |
| DARRYL BROWN, JR., and | ) |
| BROWN'S EXIT 27 SALVAGE, | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Because I granted Dianne Peaslee's application to proceed *in forma pauperis*, *see* Order (ECF No. 5), her Complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). I conclude that the Court lacks subject matter jurisdiction to entertain Peaslee's claims and, on that basis, recommend that the Court dismiss the Complaint.

**I.  Legal Standard**

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Dismissals under section 1915

1

are often made on the court's own initiative "prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

The bases for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) include lack of subject matter jurisdiction, without which a court is powerless to act. *See, e.g., Gates v. Amundsen*, No. 2:20-cv-00487-NT, 2021 WL 139477, at *1 (D. Me. Jan. 14, 2021) (affirming recommended decision of Magistrate Judge Nivison on § 1915(e)(2)(B) screening to dismiss case for failure to state a claim within court's subject matter jurisdiction); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"Federal courts are courts of limited jurisdiction." *United States v. Univ. of Mass.*, 812 F.3d 35, 44 (1st Cir. 2016). "They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *Id.* (cleaned up). "Federal jurisdiction extends only to cases that arise under federal law and cases where there is diversity of citizenship among the parties." *Gates*, 2021 WL 139477, at *1 (cleaned up). Because Peaslee disclaims the latter basis for jurisdiction, only the former is relevant here.[1] Complaint ¶ II. A review of Peaslee's complaint fails to reveal a basis upon which this Court could exercise federal question jurisdiction in this case.

---

[1] Indeed, there is no diversity jurisdiction in this case. The Plaintiff, a Maine resident, sues other Maine residents and a business based in Maine. *See* Complaint ¶ I.

## II. Factual Background

Peaslee's suit arises from her 2018 purchase of a home in Chelsea, Maine ("the Property"), from Darryl Brown, Sr., of West Gardiner, Maine, and his son Darryl Brown, Jr., of Hallowell, Maine, in exchange for a $15,000 downpayment and payments to the Browns of $600 per month for fifteen years. *See* Complaint at 2, 4-5; Exh. 1 (ECF No. 1-1) at 3. She alleges that she discovered in 2020 that the Browns had purchased the Property at a real estate foreclosure auction and had misled her as to the amount of damage it had sustained and the scope of repairs they had made to it before her purchase. *See* Complaint at 5. She adds that the Browns failed to issue an IRS Form 1098 reporting mortgage interest received from her, impeding her ability to file her tax return. *See id.* at 2-3.[2]

Peaslee seeks the release of the deed for the Property or the return of $31,800, the total she has paid the Browns for the property (her initial down payment plus twenty-eight monthly mortgage payments). *See id.* at 5. She also seeks damages of $129,694 allegedly suffered as a result of her early withdrawal of money from a retirement account to make her down payment and punitive damages of $1,000,000 ($500,000 from each of the Browns) "based on the severe emotional, mental, and psychological stress" caused by their alleged "willful and fraudulent misrepresentation of the condition of the property, their continued refusal to give promised paperwork regarding the property, their continued refusal to address their

---

[2] Peaslee added the third defendant, Brown's Exit 27 Salvage, because she believes that the Browns "may file income jointly under this business." Complaint at 2.

shoddy repairs to the property, and general lack of any moral standard surrounding the sale of this property." *Id*. at 5-6.

### III. Discussion

Peaslee cites two federal statutes—15 U.S.C. § 1702 and 18 U.S.C. § 1341—as well as a federal regulation, 26 C.F.R. § 1.6050 H-2, as the bases for the Court's exercise of federal question jurisdiction over this case. *See id*. ¶ 2(A). However, she plainly has no cause of action pursuant to any of those authorities, requiring the dismissal of the case.

The first cited statute, 15 U.S.C. § 1702, is part of the Interstate Land Sales Full Disclosure Act (ILSFDA), "a federal anti-fraud statute regulating the sale of certain real estate developments containing more than 100 'lots' of land" that is aimed principally at "protecting purchasers from unscrupulous sales of undeveloped home sites." *In re Mona Lisa at Celebration, LLC*, 472 B.R. 582, 598-99 (M.D. Fla. 2012) (cleaned up). Given that focus, certain real estate developments are exempt from the ILSFDA, among them, "the sale or lease of any improved land on which there is a residential . . . building." 15 U.S.C. § 1702(a)(2); *see also In re Mona Lisa*, 472 B.R. at 602 (noting that "a contract selling an existing home is exempt" from the ILSFDA, "presumably because a purchaser can see the house," as a result of which "[t]he buyer is not at risk the developer will take his deposit and fail to build the home" (cleaned up)).

The transaction of which Peaslee complains—the purchase of a single existing home—accordingly falls outside of the scope of the ILSFDA. She therefore has no cause of action against the Browns pursuant to 15 U.S.C. § 1702.

Peaslee's reliance on the second cited statute fares no better. This Court has held that 18 U.S.C. § 1341—a federal criminal statute that targets "[f]rauds and swindles"—confers no right of action in a civil case. *See Doyle v. Falmouth Town Council*, No. 2:16-cv-00215-JDL, 2016 WL 3248211 at *1 (D. Me. June 13, 2016) (rec. dec.) (holding that a plaintiff in a civil case failed to invoke the Court's federal question jurisdiction by alleging that the defendants violated 18 U.S.C. § 1341, which neither expressly nor impliedly creates a private right of action), *aff'd*, 2016 WL 3892374 (D. Me. July 14, 2016).

Peaslee's reliance on 26 C.F.R. § 1.6050 H-2 founders for the same reason as her reliance on 18 U.S.C. § 1341. While both the regulation and a related statute, 26 U.S.C. § 6050H, require recipients of $600 or more yearly in interest from a debtor to provide a mortgage interest statement or an IRS Form 1098 to that debtor, *see* 26 C.F.R. § 1.6050 H-2(b); 26 U.S.C. § 6050H(d), neither expressly creates a private right of action against a recipient, and courts have declined to imply such a right of action, *see, e.g., Rovai v. Select Portfolio Servicing, Inc.*, No. 14-cv-1738-BAS (WVG), 2015 WL 3613748, at *1-2 (S.D. Cal. May 11, 2015) (declining to imply a private cause of action pursuant to 26 U.S.C. § 6050H; observing, "Generally, statutes that focus on the person regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons." (cleaned up)).

### III. Conclusion

For the foregoing reasons, I recommend that the Court **DISMISS** Peaslee's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: April 22, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge